UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER CARROLL-HARRIS,

    Plaintiff,

Case No. 2:17-cv-11711

HONORABLE STEPHEN J. MURPHY, III

v.

ROBERT WILKIE, *Acting Secretary of Veteran Affairs*,

    Defendant.
                             /

**ORDER DENYING MOTION TO AMEND OR CORRECT [26]
AND FINDING MOTION TO EXTEND DISCOVERY [27] MOOT**

On March 12, 2018, Defendant filed a motion to compel certain medical and tax records. ECF 20. Almost one month later, the Court granted Defendant's motion to compel because Plaintiff failed to respond and Defendant's request appeared reasonable and within the proper scope of discovery. ECF 24, PgID 210. On April 23, 2018, Plaintiff filed two motions. The first is styled as a motion to alter or amend judgment or for relief from judgment. ECF 26. The second sought an extension of the deadlines for discovery and dispositive motions. ECF 27.

Plaintiff relies upon Civil Rules 59(e) and 60(b) to support her motion to amend or alter the Court's judgment granting Defendant's motion to compel. ECF 26, PgID 227. The Court, however, has not entered judgment in the case. Thus, the Court will construe the motion as one for reconsideration of the Court's order granting Defendant's motion to compel. Local Rule 7.1 governs motions for reconsideration, and the grounds for reconsideration are narrow. "The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have

1

been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is an error that is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff's motion does not point to a palpable defect that misled the Court. Rather, Plaintiff recounts various attempts to negotiate a compromise for the discovery of the requested documents. Regardless of Plaintiff's attempts at a disclosure agreement, once the Defendant filed his motion to compel, Plaintiff should have responded with legal arguments in support of her opposition. Plaintiff does not explain, however, her failure to respond to Defendant's motion to compel. There is no basis, therefore, for the Court to reconsider its grant of Defendant's motion to compel.

Plaintiff also filed a motion for an extension of discovery. Plaintiff maintains that she "consulted" defense counsel but "no concurrence has been made as of this filing." ECF 27, PgID 233. Defendant represents that Plaintiff never sought concurrence. ECF 28, PgID 234. Regardless, once the parties did consult, they stipulated to the extension of the deadlines for discovery and dispositive motions. ECF 30. Plaintiff's motion is therefore moot. The parties are admonished to familiarize themselves with the Court's Practice Guidelines[1] and the Local Rules—including the electronic filing rules, which prohibit filing scanned documents[2]—and to proceed accordingly.

---

[1] *See Practice Guidelines for Judge Stephen J. Murphy, III*, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=31 (last accessed May 2, 2018).

[2] *See* http://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf (containing the Local Rules and the Electronic Filing Policies and Procedures—at pg. 145) (last accessed May 2, 2018).

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to amend/correct [26] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery cut-off [27] is **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** Defendant David J. Shulkin from the docket sheet because Dr. Shulkin no longer serves as the Secretary of Veteran Affairs.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 8, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager